# In the United States Court of Federal Claims

No. 17-1144C
Filed: July 3, 2018
NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| ALICIA DABNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Breach Of Contract; RCFC 12(b)(6); |
| v. | ) | Failure To State A Claim. |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

*Brian K. Cline*, Attorney of Record, Law Office of Pecora Cline, La Jolla, CA, for plaintiff.

*Ashley Akers*, Trial Attorney, *Allison Kidd-Miller*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Chad A. Readler*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC; *Marissa J. Suarez*, Attorney, San Francisco Office, Pacific Region, Office of the General Counsel, United States Department of Agriculture, San Francisco, CA, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

## I.     INTRODUCTION

Plaintiff, Alicia Dabney, brings this breach of contract action alleging that the United States Department of Agriculture Forest Service (the "USFS") materially breached a Title VII Settlement Agreement (the "Settlement Agreement") that she entered into with the USFS to resolve certain employment discrimination claims, pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1). *See generally* Am. Compl. As relief, plaintiff seeks to recover monetary damages from the government and certain injunctive relief. *Id.* at Prayer for Relief.

The government has moved to dismiss this matter for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. For the reasons discussed below, the Court

**GRANTS** the government's motion to dismiss and **DISMISSES** the amended complaint.

## II.   FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.   Factual Background

In this breach of contract action, plaintiff, Alicia Dabney, seeks to recover monetary damages from the government and certain injunctive relief for alleged material breaches of a Title VII Settlement Agreement that she entered into with the USFS in 2013 to resolve certain employment discrimination claims. *See generally* Am. Compl. In the amended complaint, plaintiff alleges that the USFS materially breached the Settlement Agreement by failing to "provide a neutral or better reference to prospective employers." *Id.* at ¶ 10.

Plaintiff also alleges that the USFS materially breached the Settlement Agreement by failing to field and return certain employment reference calls. *Id.* at ¶ 12. As relief, plaintiff seeks $350,000.00 in monetary damages from the United States and certain injunctive relief. *Id.* at Prayer for Relief.

#### 1.   The Settlement Agreement

As background, plaintiff began working for the USFS as a Forestry Technician in 2010. Def. Mot. at 1. Plaintiff alleges that during her tenure at the USFS, she suffered employment discrimination. *Id.* at ¶ 8.

On January 11, 2013, plaintiff and the USFS entered into the Settlement Agreement to resolve her employment discrimination claims. *Id.* This agreement resulted in plaintiff's separation from the USFS in January 2013. *Id.*

Specifically relevant to this dispute, the Settlement Agreement contains several commitments from the USFS to plaintiff regarding plaintiff's separation from the USFS and her efforts to secure future employment. In this regard, the Settlement Agreement provides that:

> In consideration of [plaintiff's] consent to the terms of this Agreement, the [USFS] agrees:
> . . .

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the amended complaint ("Am. Compl."); the government's motion to dismiss ("Def. Mot."); and plaintiff's response to the government's motion to dismiss ("Pl. Resp.") and the attachments thereto ("Pl. Ex."). Unless otherwise noted, the facts recited herein are undisputed.

> To pay [plaintiff] a lump sum of the amount of $160,000 in full and complete satisfaction of any and all claims for monetary relief [plaintiff] has raised or could have raised up to an including the effective date of this Agreement. The [USFS] will submit documentation to the National Finance Center ("NCF") required to effect this lump sum payment within 45 days of the effective date of this Agreement.

Pl. Ex. 1 at 1-2. The Settlement Agreement also provides that the USFS agrees "[t]o provide [plaintiff] with a written, neutral reference." *Id*. at 2.

In addition, the Settlement Agreement provides that:

> The [USFS] will issue written direction to the Forest Supervisor and the Fire Management Officer for the Sequoia National Forest and all supervisory employees within the Western Divide Ranger District fire program that upon receiving a request for an employment reference concerning [plaintiff] they will not provide any negative or verbal information or references and they will refer all employment references requested from the [USFS] to Angel Prieto. The written direction will direct the recipients that they should destroy any reference to [plaintiff's] removal contained in any file maintained by them. The [USFS] will implement this term within 45 days after the effective date of this Agreement.

*Id*. at 2-3.

Plaintiff alleges that the USFS materially breached the Settlement Agreement when the agency failed to provide neutral or better references to prospective employers. Am. Compl. at ¶ 10. Plaintiff also alleges that the USFS breached the Settlement Agreement, during the period of February 2013 to March 2013, when the agency failed to field and return employment reference calls.[2] *Id.* at ¶ 12. And so, plaintiff contends that these material breaches interfered with her efforts to secure future employment opportunities resulting in an economic loss. *Id.* at ¶ 13.

### 2. Plaintiff's Agency Level And EEOC Proceedings

On April 11, 2013, plaintiff filed a complaint with the United States Department of Agriculture (the "USDA") alleging that the USFS willfully and materially breached the Settlement Agreement. *Id.* at ¶ 14; *see also* Def. Mot. at 2. The USDA subsequently found that

---

[2] In her response and opposition to the government's motion to dismiss, plaintiff also alleges that the government breached the Settlement Agreement when the General Attorney for the United States Department of Agriculture's Office of General Counsel, Kerri Bandics, "[went] around the single point of contact, Angel G. Prieto of the USFS and badmouth[ed] the plaintiff to Supervisor Elliot." Pl. Resp. at 3.

the USFS had complied with the terms of the Settlement Agreement and denied plaintiff's claim (the "Final Agency Decision"). Am. Compl. at ¶ 14; *see also* Def. Mot. at 2.

In October 2013, plaintiff appealed the USDA's Final Agency Decision to the United States Equal Employment Opportunity Commission (the "EEOC"). Def. Mot. at 2. In August 2016, the EEOC affirmed the USDA's decision to deny plaintiff's claim. Am. Compl. at ¶ 15.

Subsequently, plaintiff commenced a civil action in the United States District Court for the Eastern District of California on November 4, 2016. *Dabney v. Vilsack*, No. 16-1685 (E.D. Cal. Nov. 4, 2016), at Entry No. 1. The district court transferred the matter to the United States Court of Federal Claims on May 19, 2017. *Dabney v. Vilsack*, No. 16-1685 (E.D. Cal. May 19, 2017), at Entry No. 13.

### B. Procedural History

Plaintiff filed a transfer complaint in this matter on November 6, 2017. *See generally* Transfer Compl. On March 19, 2018, plaintiff filed an amended complaint. *See generally* Am. Compl.

On April 19, 2018, the government filed a motion to dismiss the amended complaint for failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(6). *See generally* Def. Mot. On May 18, 2018, plaintiff filed a response and opposition to the government's motion to dismiss. *See generally* Pl. Resp. On June 1, 2018, the government filed a reply in support of its motion to dismiss. *See generally* Def. Reply.

The government's motion to dismiss having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

### A. Jurisdiction

The United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express

4

or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Tucker Act is, however, a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. Rather, the Tucker Act merely confers jurisdiction upon the Court whenever the substantive right exists. *United States v. Testan*, 424 U.S. 392, 398 (1976). And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States. *Cabral v. United States*, 317 Fed. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005)).

### B.     RCFC 12(b)(6)

When deciding a motion to dismiss based upon RCFC 12(b)(6), the Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Redondo v. United States*, 542 F. App'x 908, 910 (Fed. Cir. 2013); *see also* RCFC 12(b)(6). To survive a motion to dismiss under RCFC 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And so, when the complaint fails to "state a claim to relief that is plausible on its face," the Court must dismiss the complaint. *Iqbal*, 556 U.S. at 678 (citation omitted). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity," and determine whether it is plausible, based upon these facts, to find against the defendant. *Id.* at 663-64, 678 ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

### C.     Breach Of Contract Claims Against The Government

Under the Tucker Act, the Court possesses subject-matter jurisdiction to consider express or implied-in-fact contract claims against the United States. *See Aboo v. United States*, 86 Fed. Cl. 618, 626-27 (2009). But, plaintiff bears the burden of proving the existence of a contract with the United States and she must demonstrate that there is "something more than a cloud of

5

evidence that could be consistent with a contract to prove a contract and enforceable contract rights." *D & N Bank v. United States*, 331 F.3d 1374, 1377 (Fed. Cir. 2003).

To pursue a breach of contract claim against the United States, plaintiff must plead: "(1) an obligation or duty arising out of the contract and (2) factual allegations sufficient to support the conclusion that there has been a breach of the identified contractual duty." *Bell/Heery v. United States*, 739 F.3d 1324, 1330 (Fed. Cir. 2014). In addition, plaintiff must have privity of contract with the United States. *Flexfab, L.L.C. v. United States*, 424 F.3d 1254, 1263 (Fed. Cir. 2005) (citations omitted) ("[T]he 'government consents to be sued only by those with whom it has privity of contract.'"). Plaintiff must also support her contract claim with well-pleaded allegations going to each element of a contract. *See Crewzers Fire Crew Transp., Inc. v. United States*, 741 F.3d 1380, 1382 (Fed. Cir. 2014) (holding that to invoke the jurisdiction of this Court under the Tucker Act, a plaintiff must present a well-pleaded allegation that its claims arose out of a valid contract with the United States); *see also* RCFC 9(k) ("In pleading a claim founded on a contract or treaty, a party must identify the substantive provisions of the contract or treaty on which the party relies."); *Gonzalez-McCaulley Inv. Grp., Inc. v. United States*, 93 Fed. Cl. 710, 715 (2010).

The requirements for establishing a contract with the United States are identical for express and implied-in-fact contracts. *See Night Vision Corp. v. United States*, 469 F.3d 1369, 1375 (Fed. Cir. 2006); *Huntington Promotional & Supply, L.L.C. v. United States*, 114 Fed. Cl. 760, 767 (2014) ("The elements are the same for an express or implied-in-fact contract. . . ."). Specifically, a plaintiff must show: (1) mutuality of intent; (2) consideration; (3) lack of ambiguity in the offer and acceptance; and (4) actual authority to bind the government in contract on the part of the government official whose conduct is relied upon. *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012); *see also Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997). A government official's authority to bind the United States must be express or implied. *Roy v. United States*, 38 Fed. Cl. 184, 188-89 (1997), *dismissed*, 124 F.3d 224 (Fed. Cir. 1997). And so, "the [g]overnment, unlike private parties, cannot be bound by the apparent authority of its agents." *Id*. at 187.

Specifically relevant to this matter, the United States Court of Appeals for the Federal Circuit has held "that Tucker Act jurisdiction may be exercised in a suit alleging breach of a

6

Title VII settlement agreement." *Holmes v. United States*, 657 F.3d 1303, 1312 (Fed. Cir. 2011) ("We do not view Title VII's comprehensive scheme as a bar to the exercise of [Tucker Act] jurisdiction."). The Federal Circuit has also held that "when a breach of contract claim is brought in [this Court], the plaintiff comes armed with the presumption that money damages are available, so that normally no further inquiry is required [to establish subject-matter jurisdiction]." *Id*. at 1314.

But, the Federal Circuit has recognized that that the mere existence of a contract does not always mean that Tucker Act jurisdiction exists. *Id*. For example, a contract that expressly disavows money damages would not give rise to Tucker Act jurisdiction. *Id*. Similarly, a Title VII settlement agreement that involves purely nonmonetary relief would not give rise to Tucker Act jurisdiction. *Id*. at 1315. And so, the Court may require a demonstration that a settlement agreement could fairly be interpreted as contemplating money damages in the event of breach, to establish subject-matter jurisdiction over a plaintiff's breach of contract claims. *Id*. To that end, the Federal Circuit has held that a settlement agreement that inherently relates to monetary compensation "through relationship to [a plaintiff's] future employment" contemplates money damages in the event of breach. *Id*. at 1316.

### III. LEGAL ANALYSIS

The government has moved to dismiss this matter for failure to state a claim upon which relief can be granted, upon the grounds that plaintiff: (1) fails to allege facts to support her claim that the USFS breached the Settlement Agreement by failing to provide a neutral or better reference to prospective employers and (2) fails to identify a provision in the Settlement Agreement that obligates the USFS to field and return employment reference calls, or to allege that USFS did not field and return such calls. Def. Mot. at 3-6.

In her response and opposition to the government's motion to dismiss, plaintiff counters that she has alleged viable breach of contract claims in the amended complaint, because the amended complaint "recites material terms of the [Settlement Agreement]" and her response and opposition to the government's motion provides additional documents to support her breach of contract claims. *See* Pl. Resp. at 6-7. For the reasons discussed below, plaintiff has not stated plausible breach of contract claims in the amended complaint. And so, the Court **GRANTS** the government's motion to dismiss and **DISMISSES** this matter pursuant to RCFC 12(b)(6).

### A.      The Court May Consider Plaintiff's Breach Of Contract Claims

As an initial matter, the Court possesses subject-matter jurisdiction to consider plaintiff's breach of contract claims arising under the Settlement Agreement. The Federal Circuit has held "that Tucker Act jurisdiction may be exercised in a suit alleging breach of a Title VII settlement agreement." *Holmes*, 657 F.3d at 1312. The Federal Circuit has also recognized that a settlement agreement inherently related to monetary compensation, "through relationship to [a plaintiff's] future employment," contemplates money damages in the event of breach and may form the basis for establishing the Court's jurisdiction under the Tucker Act. *Id*. at 1316. In this case, the Settlement Agreement contemplates an award of monetary damages in the event of a breach, because the agreement contains several provisions to aid plaintiff's efforts to secure future employment. *See* Pl. Ex. 1 at 2-3. For example, the Settlement Agreement provides that the USFS will, among other things, provide a "written, neutral reference" for plaintiff. *Id*. at 2. And so, the Court is satisfied that it may consider plaintiff's breach of contract claims. *See Holmes*, 657 F.3d at 1316.

### B.      Plaintiff Fails To State Plausible Claims for Relief

While the Court may consider plaintiff's breach of contract claims, the government correctly argues in its motion to dismiss that plaintiff fails to state plausible claims for relief in the amended complaint. And so, the Court must dismiss this matter pursuant to RCFC 12(b)(6).

#### 1.      Plaintiff Fails To State A Claim That The USFS Breached The Settlement Agreement By Failing To Provide References

First, a careful reading of the amended complaint shows that plaintiff does not allege sufficient facts to state a plausible claim that the USFS breached the Settlement Agreement by failing to provide a neutral or better reference to her prospective employers. To properly state a claim for breach of contract, plaintiff must: (1) identify "an obligation or duty arising out of the contract" and (2) provide "factual allegations sufficient to support the conclusion that there has been a breach of the identified contractual duty." *Bell/Heery*, 739 F.3d at 1330. While there can be no dispute that the Settlement Agreement requires that the USFS "provide [plaintiff] with a written, neutral reference," plaintiff alleges no facts to show that the USFS actually breached this contractual obligation. Pl. Ex. 1 at 2; *see generally* Am. Compl. Indeed, plaintiff simply alleges—without any explanation—that the terms of the Settlement Agreement "were breached,

8

and the material breached caused damages." Am. Compl. at ¶ 10; *see generally id*. Plaintiff's unsupported allegations are simply insufficient to state a plausible breach of contract claim. And so, the Court must dismiss this claim. RCFC 12(b)(6).

### 2. Plaintiff Fails To State A Plausible Claim That The USFS Did Not Field Or Return Reference Calls

Plaintiff similarly fails to allege a plausible claim that the USFS breached the Settlement Agreement by declining to field and return employment reference calls. *See Bell/Heery*, 739 F.3d at 1330. Plaintiff points to no provision in the Settlement Agreement that actually creates such a duty on the part of the USFS. Am. Compl. at ¶ 12. In addition, while plaintiff alleges that the USFS "ignored employment related inquiries concerning the plaintiff," during the period February 2013 to March 2013, she does not allege any facts to support this claim. *Id.* Plaintiff's bare allegations are simply insufficient to state a plausible breach of contract claim. And so, the Court must also dismiss this claim pursuant to RCFC 12(b)(6). *Twombly*, 550 U.S. at 570.

### 3. Plaintiff Fails To State A Plausible Claim Regarding Ms. Bandics

Lastly, to the extent that plaintiff properly raises this claim in these proceedings, plaintiff also fails to state a plausible claim that the actions of the General Attorney for the United States Department of Agriculture's Office of General Counsel, Kerri Bandics, resulted in a material breach of the Settlement Agreement. In her response and opposition to the government's motion to dismiss, plaintiff alleges for the first time that Ms. Bandics violated the terms of the Settlement Agreement "by going around the single point of contact, Angel G. Prieto . . . and badmouthing the plaintiff to Supervisor Elliot." Pl. Resp. at 3. But, again, plaintiff points to no provision in the Settlement Agreement that would create a duty on the part of Ms. Bandics, or the USFS, to refrain from such conduct. *See generally* Am. Compl.; Pl. Resp. Plaintiff also fails to provide any facts in the amended complaint to support her allegation that Ms. Bandics "badmouthed" her. *See Bell/Heery*, 739 F.3d at 1330; *see generally* Am. Compl.; Pl. Resp. Because plaintiff neither identifies an obligation arising out of the Settlement Agreement related to this claim, nor alleges any facts to support the claim, the Court must also dismiss plaintiff's final claim pursuant to RCFC 12(b)(6).

## V. CONCLUSION

In sum, when read in the light most favorable to plaintiff, the amended complaint makes clear that plaintiff fails state plausible breach of contract claims in this action.  And so, for the foregoing reasons, the Court:

1. **GRANTS** the government's motion to dismiss; and

2. **DISMISSES** the amended complaint.

The Clerk's Office is directed to **ENTER** final judgment in favor of the government and to **DISMISS** the amended complaint.

Each party shall bear its own costs.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
Judge